**UNITED STATES**

v.

**JETTER**

**No. 3:93CR213 (JBA).**

United States District Court,
D. Connecticut.

Aug. 29, 2003.

---

Michael O. Sheehan, Sheehan & Reeve, New Haven, CT, Gregory Jetter, Florence, CO, for defendant.

### *Ruling on Pending Motions*
### *[Docs.##184, 195]*

ARTERTON, District Judge.

Gregory Jetter and his four co-defendants robbed the Gateway Bank in Stamford, Connecticut on August 23, 1993. With one co-defendant guarding each of the two entrances, Jetter and a third co-defendant (each carrying a handgun) entered the bank, ordered bank employees onto the floor, and removed a total of $24,965 in cash from the teller drawers. As Denton Myers (the co-defendant who

entered the bank with Jetter) was climbing back over the teller counter, his gun fired. The bullet ricocheted off the floor and hit the wall. Jetter was arrested and subsequently entered a plea of guilty to two counts of the three count indictment, with the remaining conspiracy count dismissed on the Government's motion.

Jetter pled guilty to Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d), and Carrying a Weapon in Connection with a Crime of Violence, in violation of 18 U.S.C. § 924(c), and was sentenced by this Court (Cabranes, J.) to 192 months imprisonment. At issue in the sentencing was the extent to which Jetter's sentence should be higher because of his co-defendant's discharge of a firearm: while Jetter argued that he should only be subject to a five level increase (the amount specified in U.S. Sentencing Guideline ("USSG") 2B3.1(b)(2)(C) for "brandishing" a firearm) because the discharge had been accidental, *see* Sentencing Transcript [Doc. #163] ("Tr.") at 6–7, Judge Cabranes determined that the seven level increase (specified in USSG 2B3.1(b)(2)(A) as applicable to discharge of a firearm) was appropriate, Tr. 11–12.

A weapon enhancement under USSG 2B3.1 is prohibited as a specific offense characteristic under Application Note 4[1] to USSG 2K2.4 ("Use of Firearm, Armor-piercing Ammunition, or Explosive During or in Relation to Certain Crimes") which specifies that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." The purpose of Application Note 4

---

**1.** At the time of Jetter's sentencing and at the time of the amendment to the guidelines in question, this note was designated Application Note 2, but has since been re-redesignated Application Note 4. The Court will use the current designation.

is to prevent duplicative punishment when the statute and the guidelines reflect the same offense conduct. Jetter's situation presents a peculiar twist, however, because adherence to Application Note 4 in his case results in a guidelines range of 160–185 months for the two offenses,[2] but if Jetter had not pled guilty to the § 924(c) charge, his range would have been 188–235 months.[3] Thus, as a result of the operation of Application Note 4, Jetter receive a lower sentence pleading guilty to the § 924(c) charge than he would had he been acquitted on that charge.

The Guidelines recognize this potential for such disparity and provide the mechanism of an upward departure to adjust for it. Application Note 4 explains:

> In a few cases in which the defendant is determined not to be a career offender, the offense level for the underlying offense determined under the preceding paragraphs may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. [§ 924(c)] produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § [924(c)] (i.e., the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied). In such a case, an upward departure may be warranted so that the conviction under [§ 924(c)] does not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under [§ 924(c)].

Application Note 4 to USSG 2K2.4 (current version). The sentencing transcript reveals that the Court understood that a USSG 2B3.1 enhancement was unavailable under Application Note 4, but also understood that an upward departure referenced in Note 4 was a permissible remedy where the defendant would otherwise receive a lower sentence for having pled guilty to the § 924(c) charge than if it had not been a count of conviction. The Court increased Jetter's total offense level by seven levels, but did so not under USSG 2B3.1 but rather under USSG 2K2.4: "the Court finds that a seven-level enhancement pursuant to section 2B3.1(b)(2) of the U.S. Sentencing Guidelines is appropriate under the circumstances presented here, *and thus the Court will depart upward as permitted by section 2K2.4(a)*." Tr. at 12 (emphasis added). As the Court's remarks make clear, the sentence imposed was a departure under § 2K2.4 rather than an enhancement under § 2B3.1, and was thus consistent with both the letter and the spirit of Application Note 4.

On November 1, 2000, the United States Sentencing Commission amended Application Note 4. *See* Amendment 599.[4] The Amendment "expand[ed] the commentary in Application Note [4] . . . to clarify under

---

**2.** By following Application Note 4 and not applying any firearm characteristic to the underlying armed robbery offense, Jetter's ultimate guidelines range would have been 100–125 months, to which the required 60 month consecutive sentence on the § 924(c) charge would have been added, for a final range of 160–185 months.

**3.** Had Jetter *not* pled guilty to the § 924(c) charge, Application Note 4 to USSG § 2K2.4

would have been inapplicable and he would have received the seven level increase in offense level for discharge of a firearm during the bank robbery, resulting in a guidelines range of 188–235 months.

**4.** *See supra* note 2 regarding prior designation of this Application Note as 2 at the time of the amendment.

what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with other offenses may receive weapons enhancements contained in the guidelines for those other offenses." U.S. Sentencing Guidelines Manual Supplement to Appendix C ("Manual") at 70 ("Reason for Amendment" section of Amendment 599). While the application note in existence at the time of Jetter's sentencing already prohibited a weapons enhancement where a § 924(c) conviction was one of the counts of conviction, the Sentencing Commission thought that further clarification was necessary:

> The relevant application note to § 2K2.4 previously stated that if a sentence was imposed under § 2K2.4 in conjunction with a sentence for "an underlying offense," no weapon enhancement should be applied with respect to the guideline for the underlying offense. Some courts interpreted "underlying offense" narrowly to mean only the "crime of violence" or "drug trafficking offense" that forms the basis for the 18 U.S.C. § 924(c) conviction. In other cases, offenders have received both the mandated statutory penalty and a guideline weapon enhancement in circumstances in which the guidelines generally would require a single weapon enhancement. The amendment clarifies the application of the commentary, consistent with the definition of "offense" found in § 1B1.1 (Application Note 1(1)) and with general guideline principles. It addresses disparate application arising from conflicting interpretations of the current guideline in different courts, and is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm.

Manual at 70–71 (internal citations omitted).

Jetter argues that when he was sentenced, he was subject to the duplicative punishment that the Commission sought later to remedy by Amendment 599; namely, that he received both a seven level enhancement on his bank robbery charge for the discharge of a weapon and a mandatory consecutive sentence under § 924(c). Jetter's argument is incorrect, however, because the Court's seven level upward departure pursuant to USSG 2K2.4 was not a prohibited enhancement under USSG 2B3.1, just measured by it. Amendment 599 was a clarifying change, addressed to the problem of inconsistent interpretation of the term "underlying offense," an issue not encountered at Jetter's sentencing hearing.

For these reasons, the motion [Doc. # 184] is DENIED and the supplemental motion [Doc. # 195] requesting a decision on the earlier motion is DENIED AS MOOT.

IT IS SO ORDERED.